Tiffany Troy, Esq.
TROY LEGAL, PLLC
41-25 Kissena Boulevard
#1A
Flushing, NY 11355
Phone (718) 762-2332
tiffanytroy@troypllc.com
*Attorney for Plaintiff*

John Troy, Esq.
Aaron B. Schweitzer, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone (718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff to be admitted* pro hac vice

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

------------------------------------------------------------ x

K. M. JASHIM REZA,
*on behalf of himself and others similarly situated,*
                                    Plaintiff,

                    v.

UNITED THREE INC
    d/b/a Ponce Citgo,
NASREEN MAVANI,
IMRAN MAVANI, and
KAMRAN MAVANI,
                                    Defendants.

------------------------------------------------------------ x

Case No. 25-cv-03106

**29 U.S.C. § 216(B)**
**COLLECTIVE ACTION**

**COMPLAINT**

      Plaintiff K. M. JASHIM REZA (hereinafter "Reza" or "Plaintiff"), by and through his attorneys, Tiffany Troy, John Troy, Aaron B. Schweitzer, and of Troy Law, PLLC (John Troy, Aaron B. Schweitzer to be admitted *pro hac vice*), hereby brings this Complaint against Defendants UNITED THREE INC d/b/a Ponce Citgo (hereinafter "United Three" or "Corporate Defendant" when referring to the entity and "Ponce Citgo" when referring to the business), NASREEN MAVANI (hereinafter "Nasreen"), IMRAN MAVANI (hereinafter "Imran"), and

KAMRAN MAVANI (hereinafter "Kamran") (hereinafter collectively with Nasreen and Imran, "Individual Defendants") (Individual Defendants collectively with Corporate Defendant hereinafter "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action, on behalf of himself and other similarly situated employees of the gas station minimart "Ponce Citgo," operated by Corporate Defendant at 2750 38th Avenue North, St. Petersburg, FL 33713, against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Plaintiff alleges pursuant to FLSA that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages or prejudgment interest, (3) postjudgment interest, and (4) reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

3. This court has subject matter jurisdictions over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code. As set forth more fully below, Defendants are a covered enterprise under the FLSA, inasmuch as Defendants operate an enterprise engaged in interstate and/or foreign commerce, that had more than $500,000.00 in gross annual revenue during period relevant to this lawsuit (to wit, the three years preceding the commencement of this lawsuit, hereinafter referred to as the "relevant period" or similar), and Plaintiff and other employees handled goods that had been moved in commerce.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to Section 1391 of Title 28 of the United States Code, because Defendants reside and conduct business in the Middle District of Florida, and because the acts and omissions giving rise to the claims alleged herein took place within the Middle District of Florida.

5.     Plaintiff has fulfilled all conditions precedent to the filing of this Amended Complaint, or such conditions have been waived.

## PLAINTIFF

### K. M. JASHIM REZA

6.     Reza was employed by Defendants to work at Ponce Citgo as a cashier from about March 2015 through about October 17, 2025.

## DEFENDANTS

### UNITED THREE INC. D/B/A PONCE CITGO

7.     Corporate Defendant was, throughout the period relevant to this lawsuit, a domestic profit corporation organized under the laws of State of Florida with a registered address and principal place of business at 2750 38th Avenue North, St. Petersburg, FL 33713, where it operated a gas station and attached minimart.

8.     Corporate Defendant was, throughout the period relevant to this lawsuit, a business with gross annual revenue in excess of five hundred thousand dollars ($500,000.00) per year. In the course of his duties as a cashier, Plaintiff observed that Ponce Citgo had gross revenue between about $15,000.00 and about $17,000.00 per day in total—between about $8,000.00 and about $9,000.00 per day from gasoline sales and between about $7,000.00 and about $8,000.00 per day from minimart sales—on average, about $6 million per year.

9.     Corporate Defendant was, throughout the period relevant to this lawsuit, a business engaged in interstate or foreign commerce, whose employees, including Plaintiff, handled goods moved in commerce.

10.     Corporate Defendant throughout the period relevant to this lawsuit employed about five (5)] employees, including Plaintiff, at any one time.

**NASREEN MAVANI**

11. Nasreen hired Plaintiff and other employees to work at Ponce Citgo and determined Plaintiff's and other employees' wage rates and methods of payment.

12. Nasreen hired his two sons Imran and Kamran to be the day-to-day, hands-on, on-site managers to supervise Plaintiff and other employees at Ponce Citgo, give Plaintiff and other employees their assignments, determine Plaintiff's and other employees' schedules, distribute Plaintiff's and other employees' pay, and prepare and keep records of the employee payroll.

13. Nasreen was, throughout the period relevant to this lawsuit, an owner of Corporate Defendant.

14. Nasreen was, throughout the period relevant to this lawsuit, the President of Corporate Defendant.

15. Nasreen was, throughout the period relevant to this lawsuit, the registered agent for service of process of Corporate Defendant.

16. Throughout the period relevant to this lawsuit, Nasreen exercised financial and operational control over the Corporate Defendant, and controlled Plaintiff's and other employees' employments at Ponce Citgo.

17. Nasreen acted willfully, intentionally, and maliciously and was Plaintiff's employer, and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly and severally liable with Corporate Defendant under the FLSA.

**IMRAN MAVANI**

18. Imran is the elder of Nasreen's two sons.

19. Imran lives with Nasreen, and Kamran, at Nasreen's home, 6915 Silver Sage Circle, Tampa, FL 33634.

20. Imran was a day-to-day, hands-on, on-site manager and supervised Plaintiff and other employees at Ponce Citgo, gave Plaintiff and other employees their assignments, determined Plaintiff's and other employees' schedules, distributed Plaintiff's and other employees' pay, and prepared and kept records of the employee payroll on behalf of Nasreen.

21. Throughout the period relevant to this lawsuit, Imran exercised operational control over the Corporate Defendant, and controlled Plaintiff's and other employees' employments at Ponce Citgo.

22. Imran acted willfully, intentionally, and maliciously and was Plaintiff's employer, and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly and severally liable with Corporate Defendant under the FLSA.

**KAMRAN MAVANI**

23. Kamran is the younger of Nasreen's two sons.

24. Kamran lives with Nasreen, and Imran, at Nasreen's home, 6915 Silver Sage Circle, Tampa, FL 33634.

25. Kamran was a day-to-day, hands-on, on-site manager and supervised Plaintiff and other employees at Ponce Citgo, gave Plaintiff and other employees their assignments, determined Plaintiff's and other employees' schedules, distributed Plaintiff's and other employees' pay, and prepared and kept records of the employee payroll on behalf of Nasreen.

26. Throughout the period relevant to this lawsuit, Kamran exercised operational control over the Corporate Defendant, and controlled Plaintiff's and other employees' employments at Ponce Citgo.

27. Kamran acted willfully, intentionally, and maliciously and was Plaintiff's employer, and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly and severally liable with Corporate Defendant under the FLSA.

## STATEMENT OF FACTS

28. Reza was hired, by Nasreen on behalf of himself and the Corporate Defendant, to work as a cashier at Ponce Citgo in or about March 2015.

29. From about March 2015 through on or about December 31, 2023, Reza regularly worked about eighty-four (84) hours per week: from about 12:00 PM through about 12:00 AM, seven (7) days per week.

30. From on or about January 1, 2024 through on or about October 17, 2025, Reza regularly worked about seventy (70) hours per week: from about 6:00 AM through about 4:00 PM, seven (7) days per week.

31. During the period relevant to this lawsuit, Reza was paid the following hourly rates, for all hours worked, including overtime hours (to wit, hours worked each week beyond the fortieth (40th) hour):

 a. Through on or about December 31, 2022, sixteen dollars per hour ($16.00/hour); and

 b. From on or about January 1, 2023 through on or about October 17, 2025, seventeen dollars per hour ($17.00/hour).

32. Throughout the period relevant to this lawsuit, Reza was paid his regular, straight-time, hourly rates, as set forth above, for his overtime hours each week, without being paid an additional one-half (1/2) times his regular hourly rates for his overtime hours, as required by FLSA.

33. Throughout the period relevant to this lawsuit, Reza was not exempt from receiving overtime.

34. Throughout the period relevant to this lawsuit, Defendants did not keep any records of Reza's working time.

35. Upon information and belief, Defendants did not keep any records of Reza's working time in order to mitigate their liability for unpaid wages.

36. Throughout the period relevant to this lawsuit, Defendants paid Reza in cash and did not keep any records of Reza's pay.

37. Upon information and belief, Defendants paid Reza in cash and did not keep records of Reza's pay in order to mitigate their liability for unpaid wages.

38. Corporate Defendant did not issue Reza IRS Form W-2s or 1099s for the years 2022, 2023, 2024, or 2025, and otherwise did not report Reza's employment or pay to the Internal Revenue Service or Florida's Department of Revenue.

39. Upon information and belief, Defendants failed to issue Reza IRS Form W-2s or 1099s, and failed to report Reza's employment or pay to any federal or state tax authority, in order to mitigate their liability for unpaid wages and employer-side payroll taxes.

40. Throughout the period relevant to this lawsuit, Defendants did not post a notice of employees' rights under the federal or state wage-and-hour laws on the premises of Ponce Citgo.

41. Upon information and belief, Defendants failed to post notices of employees' rights on the premises of Ponce Citgo in order to keep their employees ignorant of their rights and forestall potential lawsuits.

## COLLECTIVE ALLEGATIONS

42. Plaintiff brings this action individually and on behalf of all other current and former non-exempt workers employed by Defendants at Ponce Citgo over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF 29 U.S.C. § 207—FAILURE TO PAY OVERTIME
### BROUGHT ON BEHALF OF THE PLAINTIFF AND THE COLLECTIVE AGAINST THE DEFENDANTS, JOINTLY AND SEVERALLY

43. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein, particularly those contained in paragraphs 1, and 6–42.

44. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Throughout his employment, Plaintiff was paid his regular straight-time hourly wage for his overtime hours, and was not paid an additional one-half his regular straight-time hourly wage for each overtime hour.

46. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

47. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiff overtime.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of others similarly situated, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

C. An injunction against Corporate Defendant, its shareholders, managers, agents, successors, employees, representatives, and any and all persons acting in concert with it as provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

E. An award of reasonable attorneys' fees and costs under FLSA; and

F. Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
       November 12, 2025

                                  TROY LAW, PLLC

                                  */s/ Tiffany Troy*
                                  Tiffany Troy, Esq.
                                  TROY LEGAL, PLLC

    41-25 Kissena Boulevard
    #1A
    Flushing, NY 11355
    Phone (718) 762-2332
    tiffanytroy@troypllc.com
    *Attorney for Plaintiff*

    John Troy, Esq.
    Aaron B. Schweitzer, Esq.
    TROY LAW, PLLC
    41-25 Kissena Boulevard
    Suite 110
    Flushing, NY 11355
    Phone (718) 762-1324
    troylaw@troypllc.com
    *Attorneys for Plaintiff to be admitted* pro hac vice

TTH/asb