**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**K. M. JASHIM REZA,** ***on behalf of himself and others similarly situated,***

**Plaintiff,**

**v.** **Case No: 8:25-cv-3106-MSS-LSG**

**UNITED THREE INC., NASREEN MAVANI, IMRAN MAVANI, and KAMRAN MAVANI,**

**Defendants.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration Plaintiff's Notice of Acceptance of Defendants' Offer of Judgment, (Dkt. 37), which the Court construes as a motion for entry of judgment. Upon consideration of the Notice, and being otherwise fully advised on the matter, the Court finds that the record must be supplemented before the Offer of Judgment can be approved.

## I. BACKGROUND

On November 12, 2025, Plaintiff K. M. Jashim Reza commenced this action alleging a claim under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"), for overtime pay, liquidated damages, and interests, costs, and attorneys' fees. (Dkt. 1) On October 29, 2026, Plaintiff filed the Notice pursuant to Federal Rule of Civil Procedure 68 indicating that Plaintiff accepted Defendants' Offer of Judgment. (Dkt.

37) While Plaintiff initiated this action as a collective action, the Offer of Judgment relates only to Plaintiff's individual claim.

The FLSA provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also Anderson v. Cagle's Inc., 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action."). Although Plaintiff brought this action as a collective action, no individuals have "opted in" to this FLSA action. Accordingly, any judgment would not preclude claims by similarly situated individuals; rather, it only bars future claims by Plaintiff. See also Ical v. Neljosh Remodeling, Inc., No. 3:22-cv-23704-MCR-ZCB, 2024 WL 2703757, at *1 n.1 (N.D. Fla. Feb. 5, 2024) ("Plaintiffs styled this case as a collective action but have not pursued conditional certification, and therefore, the Court finds the issue has been waived and will treat the case as brought on behalf of the individual Plaintiffs only.").

## II. LEGAL STANDARD

Before this Court can approve a settlement of FLSA claims and dismiss a case, the Court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a

reasonable compromise over FLSA issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." Id. at 1354.

Here, however, there is no settlement agreement. Instead, Plaintiff filed the Notice indicating that he has accepted Defendants' Offer of Judgment under Rule 68. (Dkt. 37). Nonetheless, the Court has an independent duty to review the terms of the proposed Rule 68 offer of judgment in the context of the FLSA claims. See Christopher v. Residential Realty Servs. Corp., No. 19-cv-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), report and recommendation adopted, 2020 WL 7491558 (Apr. 6, 2020); Doherty v. Good Shepherd Day Sch., Inc., No. 2:18-cv-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to Lynn's Food), report and recommendation adopted, 2019 WL 2173798 (May 20, 2019); Morrison v. Veale, No. 3:14-cv-1020-TFM, 2017 WL 6388960, at *2 (M.D. Ala. Dec. 14, 2017) (noting that courts must determine whether an FLSA settlement on an offer of judgment is a fair and reasonable resolution in order to give it final and binding effect); Hernandez v. R.S 1040 EZ Inc., No. 14-cv-20865, 2015 WL 12780628, at *1 (S.D. Fla. Feb. 26, 2015) (confirming that an offer of judgment under Rule 68 constitutes a settlement that must be reviewed for fairness).

## III. DISCUSSION

Here, Defendants' Offer of Judgment reads as follows:

> 1. Judgment shall be entered for $100,000, consisting of unpaid wages, liquidated damages and attorney's fees and costs, resolving Plaintiff's FLSA wage and liquidated damages claims against Defendants in this action.
>
> 2. Plaintiff may accept this Offer by serving written notice of acceptance within 14 days after service. An unaccepted offer is considered withdrawn under Rule 68(b).
>
> 3. This Offer concerns only this Plaintiff's FLSA wage and liquidated damages claim in this action against Defendants.
>
> 4. Upon the Court's approval of this Offer and Defendant's full payment of the approved payment within 30 days, Plaintiff shall voluntarily dismiss, with prejudice, this action against Defendants. Additionally, upon the Court's approval of this Offer and Defendant's full payment of the approved payment within 30 days, Plaintiff releases Defendants from any and all known or unknown wage and hour and wage/pay-related causes of action arising or accruing on or before the date of Plaintiff's acceptance of this Offer, including those brought or which could have been brought under the FLSA in this lawsuit or under any other federal, state, or local laws or ordinances, or common law. There are no other conditions or non-monetary terms to this Offer.

(Dkt. 37-1)

Defendants' Offer of Judgment does not contain sufficient information for the Court to determine whether the settlement represents a fair and reasonable resolution of Plaintiff's FLSA claim. Based on the allegations in the Complaint, Plaintiff's estimated unpaid overtime wages amount to $200,646.00,[1] which would be doubled

[1] Plaintiff's Complaint alleges he worked 44 hours of overtime per week from March 2015 through December 2022 and was paid only his regular wage of $16.00 per hour during this time. Thus, Plaintiff's unpaid overtime wages during this period amount to $8.00 per hour x 44 hours x 409 weeks = $143,968.00. He alleges he worked 44 hours over overtime per week in 2023 and was paid only his regular wage of $17.00 per hour during this time. Thus, Plaintiff's unpaid overtime wages during this period are $8.50 x 44 x 52 weeks = $19,448.00. Finally, Plaintiff alleges he worked 30 hours of overtime per week and was only paid his

when accounting for liquidated damages. Without information to support a finding that this material difference remains fair and reasonable, the Court cannot approve the Offer of Judgment. See, e.g., Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc., No. 2:17-CV-292-FtM-38-MRM, 2018 WL 4760795, at *4 (M.D. Fla. July 31, 2018), reconsideration denied, 2018 WL 4759890 (Aug. 16, 2018), report and recommendation adopted in part, 2018 WL 4444468 (Sept. 18, 2018) (approving an offer of judgment only after parties explained the proposed settlement amount and provided a stipulation and detailed accounting).

In addition, the Notice and Offer of Judgment fail to provide an allocation of the proposed settlement amount, as is required under the FLSA. See Love v. P.I.P. Inc., No. 17-cv-61432, 2018 WL 4922462, at *1 (S.D. Fla. Apr. 17, 2018) (noting that settlements of FLSA claims must specify the portion of liquidated damages). Finally, the Notice and Offer of Judgment contain no indication that attorney's fees and costs were negotiated separately from Plaintiff's recovery. As a result, the Court must separately review the reasonableness of counsel's legal fees. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").[2]

---

regular wage of $17.00 per hour from January 2024 through October 17, 2025. Thus, Plaintiff's unpaid overtime wages during this period are $8.50 x 30 x 146 weeks = $37,230.00. $143,968.00 + $19,448.00 + $37,230.00 = $200,646.00.

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is

Accordingly, for the Court to determine whether the Offer of Judgment results in a fair and reasonable settlement of Plaintiff's FLSA claim, the Parties must supplement the record with information to demonstrate the proposed settlement is fair and reasonable. The supplemental information should explain the strengths and weaknesses of Plaintiff's claim and Defendants' defenses, as well as the amount allocated for damages, liquidates damages, and attorney's fees.

## IV. CONCLUSION

Accordingly, the Court **DEFERS RULING** on Plaintiff's construed motion for entry of judgment, (Dkt. 37), pending supplementation of the record as described in this Order. The case is hereby **STAYED** for fourteen (14) days to allow the Parties to supplement the record. Failure to supplement the record as described in this Order within fourteen (14) days will result in the Court's denial of the construed motion for entry of judgment.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of November 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

All Counsel of Record
All *Pro Se* parties

persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.